**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**JUDGE RAYMOND P. MOORE**

| | |
|---|---|
| Courtroom Deputy:  Cathy Pearson | Date:  April 22, 2016 |
| Court Reporter:  Tammy Hoffschildt | Interpreter:  n/a |
| Probation Officer:  Tina Parde | |

## CASE NO.   15-cr-00127-RM

<u>Parties</u>                                                                    <u>Counsel</u>

UNITED STATES OF AMERICA,                                  Celeste Rangel

       Plaintiff,

v.

**1.   ANTHONY DOMINO,**                                          Brian Leedy

       Defendant.

## COURTROOM MINUTES

**SENTENCING HEARING**
**COURT IN SESSION:         11:04 a.m.**
Appearances of counsel.    Defendant is present and in custody.    Present with Ms.
Rangel is Justin Maenius.

Defendant entered his plea on October 27, 2015, to Counts 2 and 3 of the Superseding
Indictment. The Court formally accepts the Plea Agreement at this hearing.

Discussion held regarding pending motions and objections.

**ORDERED:**   The Motion for an Additional One-Level Reduction for Acceptance of
Responsibility under U.S.S.G. § 3E1.1 (Doc. 466) is GRANTED as stated
on the record.

Discussion held and argument given regarding Defendant's Unopposed Motion for a
Variant Sentence of 10 Years Imprisonment (Doc. 462).

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, and comments on matters relating to the appropriate sentence.

Counsel for the Government addresses the Court regarding sentencing.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

**ORDERED:**  Defendant's Unopposed Motion for a Variant Sentence of 10 Years Imprisonment (Doc. 462) is GRANTED as stated on the record.

Court states its findings and conclusions.

**ORDERED:**  Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, ANTHONY DOMINO, is hereby committed to the custody of the Bureau of Prisons to be **imprisoned** for a term of **36 months** as to Count 2 and **84 months** as to Count 3, **to be served consecutively**, for a total term of imprisonment of 120 months.

Court RECOMMENDS that the Bureau of Prisons place the defendant at an appropriate level facility within the northern district of California, specifically Mendota, Lompoc, or other appropriate facility; that he be allowed to participate in a program for treatment of drug abuse, RDAP if he is eligible, or another drug treatment if he is not eligible for RDAP; and that he complete four (4) educational or vocational programs and one life-skills program.

**ORDERED:**  Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **three (3) years** as to both Counts 2 and 3, **to be served concurrently.**

**ORDERED:**  **Mandatory Conditions** of Supervised Release that:
  (**X**)   Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which the defendant is released.
  (**X**)   Defendant shall not commit another federal, state or local crime.
  (**X**)   Defendant shall not illegally possess controlled substances.
  (**X**)   Defendant shall not possess a firearm, ammunition, or destructive device.
  (**X**)   Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
  (**X**)   Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
  (**X**)   Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

**ORDERED:** **Special Conditions** of Supervised Release that:

(**X**)   Defendant shall participate in and successfully complete a program of testing and treatment for substance abuse as directed by the probation officer until such time as defendant is released from the program by the probation officer.   Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment.   Defendant will be required to pay the cost of treatment as directed by the probation officer.

(**X**)   Defendant shall participate in and successfully complete a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Defendant will be required to pay the cost of treatment as directed by the probation officer.

(**X**)   Defendant shall submit his or her person, property, house, residence, papers, computers, and other electronic communications or data storage device to a search conducted by a United States probation officer.   Failure to submit to search may be grounds for revocation of release.   Defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.   An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.   Any search must be conducted at a reasonable time and in a reasonable manner.

(**X**)   Defendant must participate in an educational or vocational program approved by the probation officer, if such programs have not been completed while in custody.

(**X**)   Defendant must have no contact with the co-defendants in this case.

(**X**)   Defendant must have no contact with the victims in this case.

(**X**)   Defendant must participate and successfully complete a life skills program to include independent living skills, budgeting, and job readiness as approved by the United States Probation Office.

(**X**)   Defendant shall comply with the terms and conditions for payment of the special assessment, restitution or fine imposed by this judgment.

(**X**)   Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

**ORDERED:**   Defendant shall pay **$200** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:**   **No fine** is imposed, because Defendant has no ability to pay a fine.

**ORDERED:**   Defendant shall make **restitution** as follows:
$9,104.00 to Williams Jewelers, 2825 E. 3rd Ave, Denver, CO 80206, Attn: Bruce Williams

$498,103.53 to SGD, Inc., 9171 Gazette Ave., Chatsworth, CA 91311-5918, Attn: Michael Geron, File #SH400720, check payable to Jewelers Mutual Insurance Company

**ORDERED:** All restitution is joint and several with all of the co-defendants in this case. Additionally, payments received for restitution shall be applied first to Williams Jewelers, and only after Williams Jewelers has been fully compensated for the amount set forth will restitution begin to be paid and applied to SGD, Inc.

The Court finds, pursuant to 18 U.S.C. § 3663A(c)(3)(B), that determining complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

**ORDERED:** Interest on restitution is waived, because Defendant has no ability to pay interest.

**ORDERED:** The Government shall first file with the Court a notice when the watches have been turned over to the insurance company.   And second, the Government shall file a notice when the sale of the watches by the insurance company takes place, or one year from the date that the Government turned them over to the insurance company, whichever is earliest.

Defendant advised of right to appeal.

**ORDERED:** Any notice of appeal must be filed within 14 days.

**ORDERED:** Government's Rule 48 Motion to Dismiss Count One in the Superseding Indictment (Doc. 467) is GRANTED as stated on the record.

**ORDERED:** Defendant is REMANDED to the custody of the U.S. Marshal.

**Court in recess:**   **11:44 a.m.**
Hearing concluded.
Total time:          00:40